UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Nos. 23-3198, 23-3199

UNITED STATES OF AMERICA,          Appellee,

v.

CYTHNIA BALLENGER, &
CHRISTOPHER PRICE,             Appellants.

## APPELLEE'S MOTION TO HOLD CASE IN ABEYANCE OR, IN THE ALTERNATIVE, MOTION FOR AN EXTENSION OF TIME FOR FILING ITS BRIEF

Appellee, the United States of America, respectfully moves to hold these consolidated appeals in abeyance pending the issuance of the mandates in *United States v. Griffin*, No. 22-3042, and *United States v. Nassif*, No. 23-3069. The Court heard argument in *Griffin* on December 4, 2023, before Judges Pillard, Katsas, and Rogers. The Court heard argument in *Nassif* on September 29, 2023, before Judges Pillard, Wilkins, and Garcia. Both cases will likely resolve significant portions of appellants' challenges to their convictions and sentences, and appellee respectfully suggests that holding this case in abeyance would promote

the efficient use of the Court's and the parties' time and resources.[1] In the alternative, appellee respectfully requests a 45-day extension of time for filing its brief.

Appellants Cynthia Ballenger and Christopher Price are each appealing their convictions of offenses arising from their actions during the January 6, 2021, attack on the United States Capitol. After a joint bench trial before the Honorable Chief Judge Boasberg, the district court convicted Ballenger and Price of four misdemeanors each: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count 1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count 2); Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count 3); and Parading, Demonstrating, or Picketing in a Capitol Building or Grounds in violation of 40 U.S.C. § 5104(e)(2)(G) (Count 4) (Appendix for Appellants ("App.") 698-99, 707-

---

[1] The Court is already holding *United States v. Vargas Santos*, No. 23-3059, and *United States v. Chan*, No. 23-3070, in abeyance pending the resolution of *Nassif*.

08). The district court sentenced Ballenger principally to four months of incarceration and Price principally to 45 days of incarceration.[2]

On appeal, appellants challenge their convictions under § 1752 by arguing that the Capitol Grounds were not "posted," "cordoned off," or "otherwise restricted" within the meaning of § 1752(c), which is an element of the offense (Appellants' Brief ("Br.") 47-61[3]). Appellants' arguments closely follow the arguments made by Couy Griffin in his appeal from convictions under § 1752. *See* Brief for Appellant, *United States v. Griffin*, No. 22-3042 (June 6, 2023) ("Griffin Br.").

Appellants argue that regardless of whether the Capitol grounds were initially "restricted" within the meaning of the statute, other rioters' removal of various barriers rendered the grounds unrestricted (Br. 47-49).[4] Griffin likewise argues that the Capitol grounds were no longer

---

[2] Appellants have filed a motion for release pending appeal, which is still pending in the district court. *See* Mot. for Release Pending Appeal, *United States v. Ballenger*, No. 1:21-cr-00719, ECF 152 (Nov. 12, 2023).

[3] We refer to the ECF-stamped red page numbers because appellants' brief lacks page numbers.

[4] Section 1752(a)(1) and (2) prohibit, in relevant part, "knowingly enter[ing] or remain[ing]" and "knowingly . . . engag[ing] in disorderly or disruptive conduct" in "any restricted building or grounds." The statute defines the term "restricted buildings or grounds" to mean "any posted,
(continued . . . )

3

restricted by the time of his entry because of the actions of other rioters (Griffin Br. 43-47). Appellants also argue that the district court misinterpreted the term "otherwise restricted" in § 1752(c) to encompass indications not to enter an area that are not physical barriers like police cordons (Br. 53-61). That parallels Griffin's argument that the district court in his case erred by interpreting "otherwise restricted" to include restrictions not "comparable to a physical 'posting' or 'cordoning off'" (Griffin Br. 40). Finally, appellants argue, albeit briefly, that their convictions should be overturned because there was no evidence that they "had knowledge a protectee was going to be on the grounds" (Br. 96). Griffin, too, argues that the government failed to prove that he "knew that the Vice President was in the Capitol building or on the Capitol grounds" (Griffin Br. 67). Given the similarities between appellants' and Griffin's arguments, this Court's resolution of *Griffin* will likely be dispositive of most of appellants' challenges to their § 1752 convictions.

---

cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." § 1752(c)(1).

One of appellants' primary challenges to their convictions under 40 U.S.C. § 5104(e)(2)(G) is that that provision is facially unconstitutional (Br. 99). That challenge tracks John Nassif's arguments on appeal almost exactly. *See* Brief for Appellant, *United States v. Nassif*, No. 23-3069 (July 18, 2023) ("Nassif Br."). Appellants argue that at least part of the Capitol grounds is a public forum (Br. 101-02), as does Nassif (Nassif Br. 15-16). Appellants argue that even if the grounds are not a public forum, the statute is an unreasonable limitation on speech (Br. 102-04), as does Nassif (Nassif Br. 17-19). And appellants assert in passing a vagueness concern with § 5014(e)(2)(G) (Br. 100, 104), a point that Nassif argues as well (Nassif Br. 19-22). The Court's resolution of *Nassif* will likely therefore dispose of the entirety of appellants' challenge to the constitutionality of § 5104(e)(2)(G).

Appellants' only challenge to their sentences (as opposed to their convictions) is that that the district court erred in calculating their U.S. Sentencing Guidelines range by applying § 2A2.4 ("Obstructing or Impeding Officers"), rather than § 2B2.3 ("Trespass"), to their convictions under § 1752(a)(2) (Br. 119-21). Nassif raises the same challenge in his

appeal, in almost identical language.⁵ Appellants and Nassif acknowledge that the Guidelines identify both § 2A2.4 and § 2A2.3 as potentially appropriate for a § 1752 conviction, but argue that only § 2B2.3 applies to a conviction under subsection (a)(2), which proscribes disorderly or disruptive conduct rather than an act of physical violence (as in § 1752(a)(4)) (Br. 119-21; Nassif Br. 26-27). Thus, this Court's resolution of *United States v. Nassif* will likely be dispositive of appellants' only challenge to their sentences.

In sum, many of appellants' arguments are already before this Court in *Griffin* and *Nassif*. Although we appreciate appellants' interest in speedy resolution of their appeal, the efficient use of the Court's and the government's resources weighs in favor of abeyance.

---

⁵ *Compare* Br. 119 ("Rather than applying USSG § 2B2.3 (Trespass) to this count of conviction, the district court erroneously applied USSG § 2A2.4 (Obstructing or Impeding of Officers), notwithstanding that the indictment included no allegation that the Prices had any adverse interaction with a [sic] law enforcement officers.") *with* Nassif Br. 23 ("Rather than applying USSG § 2B2.3 (Trespass) to this count of conviction, the district court erroneously applied USSG § 2A2.4 (Obstructing or Impeding of Officers), notwithstanding that the indictment included no allegation that Mr. Nassif obstructed or impeded law enforcement officers.").

If, however, the Court does not grant this abeyance request, the government respectfully requests that the Court extend the filing deadline for the government's brief by 45 days. The government's brief currently is due on March 6, 2024. With the Court's permission, appellants filed an overlength brief of 19,512 words, requiring an unusual commitment of time to adequately respond. Undersigned counsel for the government has been handling several pressing matters during the month of February, including a brief filed in this Court on February 22, 2023, and a brief due in the District of Columbia Court of Appeals on March 1, 2023. The government therefore respectfully requests an extension of time to prepare its brief.

## CONCLUSION

WHEREFORE, the government respectfully requests that the instant motion be granted and these consolidated appeals be held in abeyance pending the issuance of the mandates in *United States v Griffin*, No. 22-3042, and *United States v. Nassif*, No. 23-3069. In the alternative, the government respectfully requests an extension of the filing deadline for the government's brief by 45 days.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

CHRISELLEN R. KOLB
ELIZABETH H. DANELLO
Assistant United States Attorneys

/s/
T. DIETRICH HILL
D.C. Bar #1046742
Assistant United States Attorney
601 D Street, NW, Room 6.232
Washington, D.C. 20530
Thomas.Hill@usdoj.gov
(202) 252-6829

## CERTIFICATE OF COMPLIANCE WITH RULE 27(d)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(g) that this motion contains 1308 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). This motion has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/<br>
T. DIETRICH HILL<br>
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, Nandan Kenkeremath, Esq., nandank@comcast.net, on this 26th day of February, 2024.

/s/<br>
T. DIETRICH HILL<br>
Assistant United States Attorney